Slip Op. 15-42

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INTERNATIONAL CUSTOM PRODUCTS, INC., <br><br>       Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>       Defendant. | Before: Gregory W. Carman, Senior Judge <br><br> Court No. 08-00055 |

OPINION AND ORDER

[Defendant's Motion to Dismiss in Part Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can Be Granted is granted]

Dated: May 5, 2015

*Gregory H. Teufel*, OGC Law, LLC, of Pittsburgh, PA, and *Jeremy L.S. Samek*, Eckert Seamans Cherin & Mellott, LLC, of Pittsburgh, PA, for plaintiff.

*Edward F. Kenny*, Trial Attorney, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, of New York, NY, for defendant. With him on the brief were *Joyce R. Branda*, Acting Assistant Attorney General, and *Amy M. Rubin*, Assistant Director, International Trade Field Office. Of Counsel on the brief was *Yelena Slepak*, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

Carman, Senior Judge: Defendant United States ("Defendant" or "Customs") moves to dismiss Plaintiff International Custom Products, Inc.'s ("Plaintiff" or "ICP") complaint in part for lack of subject matter jurisdiction under 28 U.S.C. § 1581(h) (2006)[1] pursuant to USCIT Rule 12(b)(1) and failure to state a claim for which relief can be granted for Counts III and IV pursuant to USCIT Rule 12(b)(5). *See* Def.'s Mot. to Dismiss N [*sic*] Part Pl.'s Compl. for Lack

---

[1] All references to the United States Code refer to the 2006 edition, unless otherwise stated.

of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can Be Granted

("Def.'s Mot."), ECF No. 20. For the reasons stated below, Defendant's motion is granted for

lack of subject matter jurisdiction asserted under 28 U.S.C. § 1581(h) and for failure to state a

claim upon which relief may be granted with regard to Counts III and IV.


**BACKGROUND**

This action is the seventh in a flurry of cases involving the same parties and the same

product known as "white sauce." These cases have a long and winding history, with which the

reader is presumed to be familiar. The facts are basically the same in all the cases. *See* Def.'s

Mot. at 1-3. An overview of the ICP cases is provided in a prior ICP decision. *See Int'l Custom*

*Prods., Inc. v. United States,* 36 CIT __, 878 F. Supp. 2d 1329 (2012).

This case involves one entry, number 180-05980802, ("2007 Entry"), which Plaintiff

imported "for the purpose of determining the correct classification" of white sauce. Compl. ¶ 11.

On May 22, 2007, ICP imported the 2007 Entry, and on July 20, 2007, Customs liquidated this

entry under tariff provision 0405.20.3000 of the Harmonized Tariff Schedule of the United

States ("HTSUS") in accordance with a ruling issued by Customs headquarters, referred to as

"HQ 967780" by Defendant but referred to as the "Revocation" by Plaintiff because it revoked a

prior ruling letter regarding white sauce. Summons, ECF No. 1; Compl. ¶ 11. Plaintiff timely

filed a protest challenging Customs' tariff classification, properly appealed the denial of that

protest, and paid all requisite duties and other charges assessed by Customs in order to bring this

suit in this court. Compl. ¶¶ 11-13. These facts are not in dispute.

**DISCUSSION**

### I.        CIT Rule 12(b)(1)

Defendant asserts that Plaintiff lacks subject matter jurisdiction asserted under 28 U.S.C. § 1581(h) ("§1581(h)") pursuant to USCIT Rule 12(b)(1). Plaintiff claimed jurisdiction under 28 U.S.C. § 1581(a) ("§1581(a)") and § 1581(h). Compl. ¶¶ 11, 14. It is well-settled that jurisdiction is a threshold issue, and thus the Court will first review whether jurisdiction lies under either of Plaintiff's claimed jurisdictional provisions. *See Manufacture de Machines du Haut-Rhin v. Von Raab,* 6 CIT 60, 62, 569 F. Supp. 877, 880 (1983) ("*Manufacture de Machines*"). Plaintiff has the burden of establishing jurisdiction. *Id.*

### A.        Jurisdiction pursuant to § 1581(a)

Plaintiff asserted the Court has jurisdiction under §1581(a) "with respect to a single white sauce entry that ICP imported [] for the purpose of determining the correct classification" of white sauce. Compl. ¶ 11. Defendant does not challenge § 1581(a) jurisdiction. It is uncontested that Plaintiff satisfied the requirements of § 1581(a) by filing a protest, appealing the denial of the protest and paying all applicable duties on the 2007 Entry. Accordingly, the Court finds that it has jurisdiction to hear Plaintiff's claims regarding the 2007 Entry asserted under § 1581(a). Defendant agrees that § 1581(a) is the "jurisdictional predicate" for ICP's challenge to Customs' application of HQ 967780 to the 2007 Entry at issue in this case. Def.'s Mot. at 5.

### B.        Jurisdiction pursuant to § 1581(h)

Defendant does challenge, however, Plaintiff's claim that the Court has subject matter jurisdiction under § 1581(h) with respect to future entries. Def.'s Mot. at 3-6. In its Complaint, Plaintiff asserted that the Court has jurisdiction "over this matter pursuant to [] § 1581(h) with

respect to future entries," Compl. ¶14, but in its response brief to Defendant's motion to dismiss, Plaintiff concedes §1581(h) jurisdiction, Pl.'s Resp. at 1 ("ICP does not contest the other portions of the Motion, but the government's motion to dismiss ICP's Due Process Clause cause of action (Count IV) should be denied."). Accordingly, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's claims regarding future entries asserted under § 1581(h).

## II.     CIT Rule 12(b)(5)

### A.     Count III

In Count III of the Complaint, ICP claims Customs violated the law by failing to demonstrate a compelling reason for revocation. Compl. ¶¶ 46-49. Defendant moves to dismiss this count for failure to state a claim upon which relief may be granted. Def.'s Mot. at 6-8. Plaintiff did not defend against the motion as to Count III, declining to contest the dismissal of this count. Pl.'s Resp. at 1 (stating that "ICP does not contest" any portion of the motion except that regarding Count IV). The Court also notes that it earlier issued a final order on this very issue in a separate case, Court No. 07-00318. There, the Court dismissed the same claim regarding Customs' revocation of the same ruling letter. The claim in Count III is therefore *res judicata*. *See Int'l Custom Prods., Inc. v. United States*, 32 CIT 302, 311-13, 549 F. Supp. 2d 1384, 1394-95 (2008) ("Because Customs does not need to state a compelling reason for modifying or revoking a ruling or decision, ICP's claim that Customs failed to do so when the agency revoked ICP's classification ruling does not state a claim upon which relief can be granted. As a result, the Court dismisses Count III of ICP's complaint.") Because ICP does not contest dismissal of the claim, and because the matter is *res judicata*, the Court dismisses Count III of the Complaint with prejudice.

### B.    Count IV

In Count IV of the Complaint, ICP claims that Customs violated its Constitutional right to due process. Compl. ¶¶ 50-55. Plaintiff subsequently explained that "the due process violation here is substantive, and not procedural." Pl.'s Resp. at 2. Plaintiff argues it was deprived of a "property interest without due process" stemming "from the irrational, egregious, arbitrary and capricious nature of the government's revocation of [a] Ruling, despite the lack of any changes in the relevant facts or governing law." Pl.'s Resp. at 1. In its argument, Plaintiff relies on *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976), which stated that substantive due process is violated where the government has acted in an arbitrary and irrational manner. *Id*. at 2. Defendant moves to dismiss this count for failure to state a claim upon which relief may be granted. Def.'s Mot. at 8-11. This is the only point of Defendant's motion that Plaintiff addresses in its response.

Defendant counters that Plaintiff's "position has no merit or legal basis" because there is "no substantive due process right to import." Reply Mem. in Supp. of Def.'s Mot. to Dismiss in Part Pl.'s Compl. for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can Be Granted ("Def.'s Reply") at 2, ECF No. 22. Defendant asserts that it is "well settled that possessing a substantive right is a prerequisite to a claim alleging a violation of substantive due process, and no importer has a substantive right to engage in foreign commerce." *Id*. Further, Plaintiff's reliance on *Usery* is misplaced. That case involved due process claims of compensation for death and disability arising out of employment and whether statutes enacted subsequent to the injury were applicable. It is inapposite here.

Defendant correctly asserts that Plaintiff lacks a substantive right to bring a substantive due process claim because the U.S. Constitution does not confer a substantive right to import. The U.S. Court of Appeals for the Federal Circuit has declared that "engaging in foreign commerce is not a fundamental right protected by notions of substantive due process." *NEC Corp. v. United States*, 151 F.3d 1361, 1369 (1998) (citing *Buttfield v. Stranahan,* 192 U.S. 470, 492-93 (1904)); *see also Gilda Indus., Inc. v. United States*, 446 F.3d 1271, 1284 (Fed. Cir. 2006) ("executive actions involving foreign trade, such as the imposition of tariffs, do not constitute the taking of property without due process of law"), *Arjay Assocs., Inc. v. Bush*, 891 F.2d 894, 896 (Fed. Cir. 1989) ("It is beyond cavil that no one has a constitutional right to conduct foreign commerce in products excluded by Congress."). Simply, the act of importing is not a protected entitlement.

Defendant further asserts that "not only is there no general substantive right to import, but an importer can obtain no substantive property right in a Customs ruling since 19 U.S.C. § 1625(c) patently contemplates that rulings can and will be revoked." Def.'s Reply at 3. Because Plaintiff has no substantive right to import, the Court need not address whether there was a violation of substantive due process. S*ee id*. at 4-6.

Upon consideration of these well-settled principles of Constitutional law, Plaintiff's substantive due process claim cannot pass muster. Accordingly, the Court dismisses Count IV of the complaint.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's complaint in part for lack of subject matter jurisdiction under 28 U.S.C. § 1581(h) pursuant to USCIT Rule 12(b)(1) and failure to state a claim for which relief can be granted for Counts III and IV pursuant to USCIT Rule 12(b)(5).

Subsequent to the filing of Defendant's motion to dismiss, Plaintiff filed a Consent Motion and Brief in Support of a Renewed Stay. ECF No. 28. The Court grants this motion as to the remaining claims. This case is stayed until 30 (thirty) days after the final resolution of all appellate review proceedings in *International Customs Products, Inc. v. United States*, U.S. Court of Appeals for the Federal Circuit, Number 14-1644.


                       /s/Gregory W. Carman

                    Gregory W. Carman, Senior Judge


Dated: May 5, 2015
       New York, New York